[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Madelyn M. Huffmire, in the eighth count of her complaint claims the defendants John P. O'Connor (O'Connor), the Connecticut Small Business Development Center (CSBDC) and the University of Connecticut (UCONN) are in violation of Connecticut General Statutes §§ 31-71b and 31-71c in failing and refusing to pay wages for the period July 1990 to April 1994 when the suit was brought. The court granted summary judgment in favor of the CT Page 10765 defendants in counts one through seven and the eighth count is presently the only viable count.
Connecticut General Statutes § 31-71b(a) states as follows:
 Sec. 31-71b. Weekly payment of wages. (a) Except as otherwise provided in section 12-34b, each employer, by himself, his agent or representative, shall pay weekly all moneys due each employee on a regular pay day, designated in advance by the employer, in cash, by negotiable checks or, upon an employee's written request by credit to such employee's account in any bank which has agreed with the employer to accept such wage deposits.
Connecticut General Statutes § 31-71c(b) states as follows:
 Sec. 31-71c. Payment of wages on termination of employment. (b) Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge.
 Factual Background
Plaintiff was a tenured professor at the UCONN School of Business. She was also an attorney licensed to practice law in Connecticut. In 1981 CSBDC was established to provide business and legal advice to small businesses throughout the state. The program was funded by a federal grant from the federal Small Business Administration (SBA), with additional funding from the State of Connecticut as well as private sector contributions.
A director was hired to be in charge of CSBDC — Everett Shaw. As part of the CSBDC program, Shaw asked Huffmire to establish a Business Law Center. CSBDC provided Huffmire with an office, office furniture, file cabinets, and various business related legal forms. Clients were primarily referred to Huffmire from CSBDC counselors when they had problems of a legal nature on a wide variety of subjects. Reference is made to plaintiff's exhibit 1, an informational handout prepared by Huffmire explaining the varied assistance available from the Business Law Center. Those services ran the gamut from contracts to worker CT Page 10766 safety, environmental regulations, taxes and numerous other areas.
Huffmire provided her services on a part time basis in addition to her duties as university professor.
Her salary for the Business Law Center was established at 1/9th of her annual salary from the UCONN School of Business. Since her UCONN salary is computed on a nine month calendar, the 1/9th was the equivalent of one month's pay.
The grants funding CSBDC were awarded annually upon application made to both the SBA and the state of Connecticut and were based on the federal fiscal year which ran from October 1st through September 30th. The grants were renewed annually at all time relevant to this case.
Huffmire's contract was renewed annually (since funding was also renewed annually) until the fiscal year ending September 30, 1990. Prior to September 30, 1990 she was notified by the Director of CSBDC that the functions performed by the Business Law Center would be transferred to the UCONN School of Law where legal advice to small business owners would be provided by law students under the supervision of law school professors.
Huffmire was paid for her work at the Business Law Center during the summer of each year from her initial employment through her last check in July 1990 in the amount of $5598 (which was the equivalent of one months professorial salary). That last check was to compensate her for the fiscal year ending September 30, 1990.
When Huffmire learned her annual employment agreement for the Business Law Center would not be renewed for fiscal year 1990-1991 she told the then Director of CSBDC (O'Connor) that she had several clients in active litigation, that she had filed court appearances for those clients and she needed additional time to wind-up those cases.
O'Connor, who had replaced Everett Shaw as Director in 1984, was surprised to learn that Huffmire was involved in litigation. He testified that the terms of the SBA grant provided only for the giving of advice and prohibited litigation by CSBDC. He told Huffmire he could not pay her beyond September 30, 1990 and thereafter she was on her own. CT Page 10767
In an effort to resolve the matter, the parties entered into settlement discussions and O'Connor offered to pay Huffmire one third of one months salary plus a portion of her attorney's occupational tax if she would completely wind down and close all her files by December 1, 1990. (Defendant's exhibit E). Huffmire did not agree to do so. Her position was that she could not conclude the litigation files by December 1, 1990, and that she was prohibited by rules of professional responsibility from ceasing to represent clients in cases where her appearances were filed. She now claims entitlement to compensation for work performed for those litigation clients after July 1, 1990 at the rate of $200 per hour, plus double damages pursuant to §31-72 and attorney's fees.
DISCUSSION
The conditions of the SBA grant which funded the CSBDC (and the Business Law Center which was established as function of CSBDC) prohibited involvement in litigation. Huffmire, who was instrumental in making the initial grant application, knew or should have known that litigation services were not covered by the grant. The documentary evidence supports that conclusion, to wit:
Plaintiff's exhibit 1, the contents of which were largely the work of Huffmire describes the "type of assistance available" as "legal advice" with "referrals to private law practitioners" as needed. It explains that the Business Law Center provides a "broad program of training and education, research projects to help small businesses." Defendant's exhibit C, which is a letter dated May 9, 1989 from O'Connor to Huffmire renewing her employment with CSBDC for the fiscal year 1989, 1990. That letter stressed the necessity of compliance with the SBA policies and attached a copy of that policy stating that "legal information services shall not be used to represent any client in any action" and that "no legal services will be provided other than the provision of basic business law information." Defendant's exhibit B, which is 1982-1983 correspondence from Attorney Philip Ettman to the Connecticut Bar Association seeking Bar Association endorsement for the Business Law Center. That letter describes the purpose of the Law Center as delivering counseling, training and research assistance concerning small business management. That letter also stated that SBA guidelines would be followed, which were that "(It) is not intended to substitute for a small CT Page 10768 business owner's lawyer. The service is intended to provide a means of determining if he or she needs a lawyer and to suggest means of getting legal counseling where there are insufficient funds." The proposal also states that "the attorney/consultant will not directly render advice or legal services."
It is apparent that Huffmire, in representing clients in litigation was acting outside the scope of her employment contract with CSBDC. There was no agreement that she could do so or that she would be paid to do so.
She was, in fact, paid through September 30, 1990 when her annual contract was not renewed. Arrangements were made for all open files except for the litigation matters and the open files were transferred to the UCONN Law School prior to that date.
Thus Huffmire was paid all wages/salary to which she was due. She was not authorized to represent clients in litigation by CSBDC either before or after September 30, 1990, and there was certainly no agreement that she be paid $200 per hour to do so.
Based on the foregoing findings, judgment shall enter for the defendants.
Klaczak, J.